

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

June 12, 2024

Gordon L. Mowen, II
Orndorff Mowen PLLC
135 Corporate Centre Drive, Suite 254
Scott Depot, WV 25560

Re: United States v. Curon Cameron Cordon
Criminal No. 2:24-cr-00050 (USDC SDWV)

Mr. Mowen:

This will confirm our conversations with regard to your client, Curon Cameron Cordon (hereinafter "Mr. Cordon"). As a result of these conversations, it is agreed by and between the United States and Mr. Cordon as follows:

1. **PENDING CHARGES.** Mr. Cordon is charged in a three-count indictment as follows:

    (a) Count One charges Mr. Cordon with a violation of 21 U.S.C. § 841(a)(1) (distribution of protonitazene and isotonitazene);

    (b) Count Two charges Mr. Cordon with a violation of 18 U.S.C. § 924(c)(1)(A) (use of a firearm in relation to a drug trafficking crime); and

    (c) Count Three charges Mr. Cordon with a violation of 21 U.S.C. § 841(a)(1) (distribution of protonitazene and isotonitazene).

2. **RESOLUTION OF CHARGES.** Mr. Cordon will plead guilty to Count Three of said indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1) (distribution of protonitazene

*C.C.*
Defendant's Initials

and isotonitazene). Following final disposition, the United States will move the Court to dismiss Counts One and Two in Criminal No. 2:24-cr-00050 as to Mr. Cordon.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Cordon will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of 20 years;

   (b) A fine of $1,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

   (c) A term of supervised release of at least 3 years;

   (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

   (e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Cordon for a period of 5 years; and

   (f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4. **SPECIAL ASSESSMENT.** Mr. Cordon has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Cordon agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **PAYMENT OF MONETARY PENALTIES.** Mr. Cordon authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial

*C.C.*  
Defendant's Initials

condition for sentencing purposes. Mr. Cordon agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Cordon further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Cordon authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Cordon shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Cordon agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

6. **COOPERATION**. Mr. Cordon will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision,

*C.C.*  
Defendant's Initials

Mr. Cordon may have counsel present except when appearing before a grand jury.

   7.   **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Cordon, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

   8.   **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Cordon for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Cordon for perjury or false statement if such a situation should occur pursuant to this agreement.

   9.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Cordon stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

   Mr. Cordon agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Cordon or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Cordon knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that

*C.C.*
Defendant's Initials

would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Cordon understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Cordon knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Cordon also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 21 U.S.C. § 841(a)(1), is unconstitutional, and (2) Mr. Cordon's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 21 U.S.C. § 841(a)(1).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Cordon also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought

                                                  *C.C.*  
                                                           Defendant's  
                                                           Initials

under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Cordon knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Cordon;

(f) Advise the Court concerning the nature and extent of Mr. Cordon's cooperation; and

(g) Address the Court regarding the issue of Mr. Cordon's

*C.C.*  
Defendant's Initials

Gordon L. Mowen, II  
June 12, 2024  
Page 7  
Re: Curon Cameron Cordon

acceptance of responsibility.

13. **VOIDING OF AGREEMENT.** If either the United States or Mr. Cordon violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Cordon in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Cordon in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

By: *[signature]*
LESLEY SHAMLBIN
Assistant United States Attorney

LCS/lab

*C.C.*
Defendant's Initials

Gordon L. Mowen, II  
June 12, 2024　　　　　　　　　　　　　　Re: Curon Cameron Cordon  
Page 8

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_Curon Cameron Cordon_　　　　　　　　　07/03/24  
Curon Cameron Cordon　　　　　　　　　　Date Signed  
Defendant

_[signature]_　　　　　　　　　　　　　07/03/24  
Gordon L. Mowen, II　　　　　　　　　　　Date Signed  
Counsel for Defendant

　　　　　　　　　　　　　　　　　　　　　　C.C.  
　　　　　　　　　　　　　　　　　　　Defendant's  
　　　　　　　　　　　　　　　　　　　Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.     CRIMINAL NO. 2:24-cr-00050

CURON CAMERON CORDON

## STIPULATION OF FACTS

The United States and Curon Cameron Cordon (hereinafter "defendant" or "I") stipulate and agree that the facts comprising the offense of conviction (Count Three in the Indictment in the Southern District of West Virginia, Criminal No. 2:24-cr-00050), include the following:

On May 31, 2023, I sold thirteen pills to an individual I later learned was a confidential informant. I knew that the pills contained a controlled substance. The sale took place in a vehicle parked near a residence on Market Drive in Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia.

The pills were sent to the West Virginia State Police Forensic Laboratory to be weighed and chemically analyzed. The pills weighed a total of 1.124 grams and contained protonitazene and isotonitazene. I now know that protonitazene and isotonitazene are Schedule I controlled substances.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

**PLEA AGREEMENT EXHIBIT A**
1

Stipulated and agreed to:

_____  07/03/24
CURON CAMERON CORDON             Date
Defendant

_____  07/03/24
GORDON L. MOWEN, II              Date
Counsel for Defendant

_____  08/01/2024
LESLEY SHAMBLIN                  Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2