```
                          IN THE UNITED STATES DISTRICT COURT
                       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                                      AT CHARLESTON


     _____  x
                                     :
      UNITED STATES OF AMERICA,      :
                                     :
                 Plaintiff,          :   Criminal Action No.
           -vs-                      :   2:24-cr-00050
                                     :
      CURON CAMERON CORDON,          :
                                     :
                 Defendant.          :
     _____  x


                    CONTINUATION OF SENTENCING HEARING
                 BEFORE THE HONORABLE JOSEPH R. GOODWIN
                      UNITED STATES DISTRICT JUDGE
                     IN CHARLESTON, WEST VIRGINIA
                           November 13, 2024
     APPEARANCES:
     For the Government:
                                 AUSA LESLEY S. SHAMBLIN
                                 U.S. ATTORNEY'S OFFICE
                                 Robert C. Byrd U.S. Courthouse
                                 Suite 4000
                                 300 Virginia Street, East
                                 Charleston, WV  25301

     For the Defendant:
                                 GORDON LEE MOWEN, II
                                 ORNDORFF MOWEN
                                 Suite 524
                                 135 Corporate Centre Drive
                                 Scott Depot, WV  25560

     Probation Officer:      Kiara Carper, USPO

         Proceedings recorded by mechanical stenography,
     transcript produced by computer.

                        _____
                         AMANDA J. PICKENS, CCR, RPR, FCRR
                         Federal Official Court Reporter
                         Robert C. Byrd U.S. Courthouse
                           300 Virginia Street, East
                             Charleston, WV  25301
```

        (The following proceedings were held before the Honorable Joseph R. Goodwin, United States District Judge, in the case of *United States of America v. Curon Cameron Cordon*, on November 13, 2024, at Charleston, West Virginia, beginning at 11:31 a.m.)

        MADAM CLERK: The matter before the Court is United States of America versus Curon Cameron Cordon. Criminal Action Number 2:24-cr-50.

        THE COURT: Is the United States ready?

        MS. SHAMBLIN: Yes, Your Honor.

        THE COURT: Is the defendant ready?

        MR. MOWEN: Yes, Your Honor.

        THE COURT: We will proceed with this hearing. Mr. Cordon, if you and your lawyer would please stand.

        (Defendant and counsel rise.)

        THE COURT: Madam Clerk, would you readminister the oath to Mr. Cordon?

    Is it Cardon [phonetic] or Cordon?

        THE DEFENDANT: Cordon.

        THE COURT: Cordon. Okay.

    Go ahead. I'm sorry.

        MADAM CLERK: Please raise your right hand.

        **CURON CAMERON CORDON, DEFENDANT, SWORN**

        MADAM CLERK: Thank you.

        THE COURT: All right. Mr. Cordon, on August 1st,

1  2024, before the Court, you pled guilty to distribution of
2  quantities of protonitazene and isotonitazene -- I hope I
3  got those pronunciations right -- as charged in the
4  indictment in violation of 21 United States Code
5  Section 841(a)(1) as charged in Count 3 of an indictment
6  returned against you.
7      At the plea hearing, I deferred acceptance of the plea
8  agreement, but ordered the original filed.  And we had some
9  discussions about that.  I understand that all objections
10 have been resolved; is that correct?
11         MS. SHAMBLIN:  That's correct, Your Honor.
12         MR. MOWEN:  Yes, Your Honor, that is correct.
13         THE COURT:  I find that the public's interest in a
14 trial is outweighed by the other interests in justice and
15 accept the plea agreement.
16     I asked you before if you understood your appellate
17 rights.  Do you remember that?
18         THE DEFENDANT:  Yes, sir.
19         THE COURT:  Do you remember that you waived your
20 right to appeal your conviction?
21         THE DEFENDANT:  Yes, sir.
22         THE COURT:  The probation office has prepared a
23 presentence report.  Have you gone over that with your
24 lawyer?
25         THE DEFENDANT:  Yes, sir.

1               THE COURT: Do you understand the contents of the
2      report?
3               THE DEFENDANT: Yes, completely.
4               THE COURT: Is there any reason why disposition
5      should not take place today, Mr. Cordon?
6               THE DEFENDANT: No. Not at all.
7               THE COURT: Mr. Cordon, are you completely
8      satisfied with the legal representation you've received?
9               THE DEFENDANT: Yeah, completely.
10              THE COURT: I find there's sufficient indicia of
11     reliability to support the probable accuracy of the matters
12     contained in the presentence report and the addendum
13     thereto. I adopt the presentence report and the addendum.
14     I direct that a copy of that report be filed in the record
15     of this case under seal.
16        You stand convicted of violating 21 United States Code
17     Section 841(a)(1). Federal law provides the following
18     maximum penalties:
19        A term of imprisonment of not more than 20 years; a
20     period of supervised release of at least 3 years; a fine of
21     a million dollars; restitution; a special assessment of
22     $100; and the loss of certain federal benefits for a period
23     of up to five years.
24        The federal guidelines are advisory and not binding on
25     this Court and I may not presume them to be reasonable.

1  Nevertheless, I'm required to carefully calculate and
2  consider the guidelines when arriving at a just sentence.
3  I'll do that now.
4      The relevant guideline is found in Section 2D1.1, which
5  here provides for a Base Offense Level of 16.
6      Section 2D1.1(b)(1) provides for a two-level
7  enhancement if a dangerous weapon was possessed. That
8  applies, raising the offense level to 18.
9      2 -- or 3E1.1(a) provides for a two-level decrease for
10 acceptance of responsibility. I find the defendant is
11 entitled to that, decreasing the offense level to 15 [sic].
12     What says the Government concerning the third point?
13         MS. SHAMBLIN: Your Honor, we would move for the
14 third point at this time.
15         THE COURT: I grant the Government's motion. The
16 third point is awarded. That decreases the offense level to
17 15.
18     The defendant has two criminal history points
19 establishing a Criminal History Category of II.
20     Given a Total Offense Level of 2 [sic] and a Criminal
21 History Category of II, the Advisory Guideline Range is
22 follows:
23     A term of imprisonment of 21 to 27 months; a period of
24 supervised release of 3 years; a fine of supervised release
25 -- a fine of 7,500 to a million dollars; community

```
1    restitution; and a special assessment of $100.
2         (Pause.)
3              THE COURT:  The Total Offense Level is 15.  I must
4    have -- I must have misspoke.
5         All right.  Is that correct?  Does everybody have that
6    right?
7              MS. SHAMBLIN:  Yes, Your Honor.  And the PSR has
8    15 and the United States agrees with that.
9              THE COURT:  I'm sorry?
10             MS. SHAMBLIN:  The PSR has 15 and the United
11   States agrees with that.
12             MR. MOWEN:  Yes, Your Honor, the defendant agrees
13   with that calculation.
14             THE COURT:  All right. Any other comments
15   regarding the guidelines?
16             MS. SHAMBLIN:  Your calculation, Your Honor?
17             THE COURT:  Right.
18             MS. SHAMBLIN:  No, sir.
19             MR. MOWEN:  No, sir.
20             THE COURT:  Section 3553(a) of Title 18 provides
21   several factors the Court must consider when arriving at a
22   just sentence.  At the Court's direction, the parties have
23   prepared and submitted sentencing memoranda addressing those
24   subjects.
25        Does either party have anything relevant to the
```

1  calculation of the guidelines or to the 3553(a) factors not
2  addressed in your memorandum?
3           MS. SHAMBLIN:  Your Honor, I'd just like to make a
4  couple of points about this defendant.  I will say that both
5  of the case agents in this case have spoken highly of his
6  attitude and his politeness throughout the investigation.
7  And also, I wanted to note for the Court that he did try to
8  be cooperative with the United States pursuant to the term
9  in his plea agreement.
10          THE COURT:  All right.  Anything on the 3553(a)
11 factors?
12          MR. MOWEN:  Yes, Your Honor, if I may offer brief
13 remarks.  And then Mr. Cordon would --
14          THE COURT:  I'm going to get back to that.
15    Anything before I impose sentence?
16          MS. SHAMBLIN:  No, Your Honor.
17          THE COURT:  Anything before I impose sentence?
18          MR. MOWEN:  Yes, Your Honor.  I would like to
19 offer commentary on the 3553(a) factors.
20          THE COURT:  Go ahead.
21          MR. MOWEN:  Judge, Mr. Cordon is a good man.  His
22 criminal conduct was fleeting and it was borne out of his
23 desire to help his loved ones.
24    What we're dealing with here is a period of time,
25 measured in weeks, where Mr. Cordon was selling small

1  quantities of drugs and a few firearms.  He is not the
2  hardened criminal that has been suggested in this case.
3       He's lived a difficult life growing up in the projects,
4  experiencing sexual abuse, poverty and drugs.  Mr. Cordon in
5  some sense is a victim.  He's a victim of the difficult
6  environment that he grew up in.  And he was walking that
7  difficult line in life of taking care of his family based
8  upon what he knew and the negative influences of those
9  around him.
10      At the same time, he was making earnest and sincere
11 efforts to pull himself out of that environment.  He
12 attended college and he was in the process of enrolling in
13 the military.  These are not the actions of a hard criminal.
14      Taken in context, Your Honor -- and I don't mean to
15 backtrack on to the guidelines, but we recognize they are
16 advisory and the Court is considering potentially an upward
17 variance.  Our position taken in context here is that
18 there's no reason to engage in an upward variance under the
19 advisory guidelines or a consideration of the 3553(a)
20 factors.
21      Our sentencing memorandum explains why we believe that
22 a lesser sentence is appropriate.  We know the Court has
23 reviewed those arguments.  We submit that in consideration
24 of the 3553(a) factors, in light of the advisory guidelines,
25 that a sentence below those suggested by the guidelines is

1  appropriate here.

2  To the extent the Court disagrees, we would request
3  that the Court consider a within guideline sentence at the
4  lower end of the Advisory Guide Range.

5  Those -- that concludes my remarks, Your Honor, with
6  respect to the factors.

7  THE COURT: Mr. Cordon, anything you would like to
8  say before I impose sentence?

9  THE DEFENDANT: Yes, sir.

10 Well, first, I would like to say thank you for having
11 me today. I know you didn't have a choice, but still, thank
12 you for being here. And I'm just going to go ahead and read
13 this for you.

14 I haven't been in the system long, but for my short
15 time, I've witnessed more than I'd like to, such as
16 overdoses, brutal fights, stabbings, institutionalized
17 mindsets, abusive guards. I've slept in unsanitary areas
18 and I've showered around mold and I've --

19 THE COURT: Slow way down --

20 COURT REPORTER: Slow down just a --

21 THE COURT: Slow way down. Back up and read --
22 start reading it again and go slow, would you? I'm sorry.

23 THE DEFENDANT: Sorry about that.

24 I've been -- I've witnessed brutal fights, stabbings,
25 institutionalized mindsets --

1    THE COURT: Still slower. Still slower.

2    THE DEFENDANT: Oh, sorry.

3    -- abusive guards. I've slept in unsanitary areas and I've showered around mold. I've also been fed uncooked meals that I wouldn't feed a family member nor a homeless person nor my dog.

I'm not going to act like I'm above punishment, but I think punishment should be decided on the person you plan on punishing. And the person before you today is a genuine, kind, respectful, and regretful young man who has put forth contribution, impact, usefulness and helpfulness into my community.

I want to apologize to my family who has raised me on mannerism, dedication and hard work. I want to apologize to my community who knows that this isn't me. And I want to apologize to you, Your Honor, for wasting your time when you could be with your family or sentencing someone who deserves or actually needs the rehabilitation system. I come to you humbly today to ask for mercy and forgiveness. I've learned that this life is not for me but for the ones who don't have a choice. And I indeed do have a choice.

Instead of me being a statistic, I ask that you help me continue my dream of being a soldier so I can protect my family and serve my country. I'm not a part of any drug organization or criminal organization. I was just with the

```
 1   wrong people at the wrong time doing the wrong things.
 2          Through the mirroring neurons in our brains --
 3               COURT REPORTER:  I'm sorry.  Through the what?
 4               THE DEFENDANT:  Say it again.
 5               COURT REPORTER:  Through the what?
 6               THE DEFENDANT:  Through the mirroring neurons in
 7   our brains --
 8               THE COURT:  Mirroring?
 9               THE DEFENDANT:  Mirroring.  Like looking into a
10   mirror.
11               THE COURT:  Like a mirror?
12               THE DEFENDANT:  Yes, sir.
13               THE COURT:  Okay.  Go ahead.
14               THE DEFENDANT:  With those neurons in our brains,
15   we actually -- we pretty much go with the people that's
16   around us mostly, which is called emotional contagion.  And
17   I'm currently around rapists, energy thieves, drug dealers
18   and killers, sir.  And I would like to get back to reality
19   and to the life that I know that I can live.  I appreciate
20   you.
21               THE COURT:  It's the judgment of the Court the
22   defendant be committed to the custody of the Federal Bureau
23   of Prisons for 27 months.
24        Upon release from prison, you should be placed on
25   supervised release for a term of 3 years.
```

1          Within 72 hours of release from prison, you shall
2   report in person to the probation office in the district to
3   which you're released.
4          While you're on supervised release, you must not commit
5   another federal, state or local offense.  And you must
6   comply with the standard terms and conditions of supervised
7   release.
8          The presentence report has standard conditions and
9   others as adopted in this district.  And I ask you if you've
10  read the conditions recommended in the presentence report
11  and discussed them with your lawyer?
12              THE DEFENDANT:  Yes, sir.
13              THE COURT:  Do you want me to read them out loud
14  to you or will you waive reading?
15              THE DEFENDANT:  I will waive it.
16              THE COURT:  I impose and you will be subject to
17  the conditions as set out in the presentence report,
18  including all of the standard conditions adopted in this
19  district.
20         I find that neither your presentence report nor your
21  recent conduct allows me to conclude that you're a low risk
22  of future substance abuse.  Accordingly, I direct you be
23  tested at least once within 15 days of your release and at
24  least twice thereafter.
25         I find you don't have the resources to pay a fine or

1  are unlikely to become able to pay a fine in the future and
2  impose no fine.
3      There's no identifiable victim.  I impose no fine, so I
4  do not order restitution.
5      I order you to pay a special assessment due immediately
6  of $100.
7      After considering the Advisory Guideline Range and the
8  applicable factors from Section 3553(a), I find that the
9  sentence of 27 months followed by 3 years supervised release
10  is reasonable and appropriate for a number of reasons.
11      I recognize you're only 24 years old.  You were born in
12  Harlem and your family relocated to Charleston.  A lot of
13  the reason, as I understand it, was to avoid a high crime
14  environment.  A combination of their efforts and yours, and
15  the support you got was a result of in several letters of
16  support that I've received and considered.  These letters of
17  support speak of a great deal of dedication to your family
18  and of you to your family.
19      You've worked in your family's business and also did
20  some work I think as a DoorDash driver; is that right?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  I can see that you are putting forth
23  some effort to building a life for your daughter.
24      Despite these efforts and your own family's support, I
25  cannot take away the seriousness of your offense.  You were

 1  dealing highly dangerous drugs and guns into this community.
 2  The drugs are of unknown potency in many instances and
 3  there's a significant risk of and danger of death.  You sold
 4  guns with the drugs and you sold at least one of them to the
 5  CI after you had been told that the CI was a felon.
 6      You manipulated an individual into buying a series of
 7  firearms, some of which law enforcement has yet to recover.
 8  You've endangered your own family who you love and care
 9  about.
10      But I think -- while I find you to be a little too
11  self-assured at this time and thinking perhaps that you have
12  not accepted the criminal nature of your acts and your
13  responsibility for those acts, I find that this sentence is
14  sufficient, but not greater than necessary, to promote
15  respect for the law, to provide deterrence to you and
16  deterrence to others in the community.
17      For reasons other than those discussed, does counsel
18  know of any reason why sentence should not now be imposed as
19  stated?
20          MS. SHAMBLIN:  No, Your Honor.
21          MR. MOWEN:  No, Your Honor.
22          THE COURT:  I order the sentence imposed as
23  stated.
24      Mr. Cordon, you may have a right to appeal the Court's
25  sentence.  I use the word "may" given your plea agreement.

 1    If you have the right, nevertheless, and want to appeal, you
 2    must file a written notice of appeal within 14 days of the
 3    entry of the order of sentence and conviction of your case.
 4    If you fail to file that notice, you won't be able to
 5    appeal.
 6         Do you understand?
 7              THE DEFENDANT:  Yes, sir.
 8              THE COURT:  If you do file the notice and I find
 9    you don't have sufficient funds to procure documents or to
10    hire a lawyer for your appeal, those costs will be borne by
11    the United States.
12         Do you understand?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  You can do what many people --
15    particularly young people do and you can go to prison and
16    waste the next 27 months.  Or you can get a little more
17    introspective and think about and try to prepare your mind
18    and your body for what you're going to do for the rest of
19    your life.  The best insurance policy against criminal
20    conduct is a job and an education.  That, along with being a
21    little bit older will help too.
22         So if you go in there and you think about getting out
23    instead of doing time and read whatever you can get your
24    hands on, try to develop yourself, you should have
25    aspirations much higher than being an Uber driver.  This

1  felony is going to knock you out of getting in the Army.
2  You're going to have to find a job that you want to do well
3  and that you will enjoy doing.
4      DoorDash, Uber driving, all of that is just make-work.
5  It's a lot better than lounging around, but I don't think
6  you want to tell your daughter when she turns 21, "Your
7  Dad's done a great job DoorDashing."  I think you know that
8  you have the ability to do something much more than that.
9  That's what I see in you is ability.  What I don't see is
10  humility.  If you can get a dose of that to go with your
11  ability and have a good work ethic and apply it to your
12  future, I think you can have a good life ahead of you.
13      Anything further to come before the Court?
14      MR. MOWEN:  No, Your Honor.
15      MS. SHAMBLIN:  No, Your Honor.
16      THE COURT:  Court's adjourned.
17      MADAM CLERK:  Judge -- Judge, they need to dismiss
18  the remaining counts.
19      THE COURT:  Go ahead.
20      MS. SHAMBLIN:  Your Honor, I move to dismiss the
21  remaining counts in the indictment in this case.
22      THE COURT:  The Government's motion is granted.
23      (Proceedings concluded at 11:51 a.m.,
24  November 13, 2024.)
25

1   CERTIFICATE OF OFFICIAL REPORTER

2   I, Amanda J. Pickens, Federal Official Realtime Court

3   Reporter, in and for the United States District Court for

4   the Southern District of West Virginia, do hereby certify

5   that, pursuant to Section 753, Title 28, United States Code,

6   the foregoing is a true and correct transcript of the

7   stenographically reported proceedings held in the

8   above-entitled matter and that the transcript page format is

9   in conformance with the regulations of the Judicial

10  Conference of the United States.

11

12       <u>s/Amanda J. Pickens, FCRR, RPR, CCR</u>   February 12, 2025

13       Amanda J. Pickens, FCRR, RPR, CCR
         Federal Official Court Reporter